# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 9:15-cv-04047-CWH-BM |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BLOOMFIELD SENIOR LIVING ) | |
| OF BLUFFTON, LLC, a South ) | |
| Carolina Limited Liability Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Michelle Billups Tensley ("Tensley"), who was adversely affected by such practices. Plaintiff alleges that Tensley was unlawfully subjected to a tangible employment action by Defendant (termination) on the basis of her race, African American.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for South Carolina, Beaufort Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability company doing business in the State of South Carolina and has continuously had at least 15 employees.

5. Defendant is subject to service through its registered agent for service of process, CT Corporation, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223..

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

7. More than thirty days prior to the institution of this lawsuit, Tensley filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

8. On July 13, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On September 9, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

## STATEMENT OF CLAIM

10. More than thirty days prior to the institution of this lawsuit, Tensley filed a timely charge of discrimination with the Commission alleging violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least January 2014, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting Tensley to racial discrimination by ostracizing and then terminating Tensley.

12. Tensley began working for Defendant in March 2013 and stopped working for Defendant when she was terminated on September 23, 2014.

13. Tensley's termination was the result of racial discrimination by Jeff Eads ("Eads"), the Executive Director of the facility at which Tensley was employed and Tensley's direct supervisor.

14. During the week leading up to Friday, September 19, 2014, Tensley informed Eads and the staff generally of her impending absence on September 19, 2014, because of her daughter's surgery, and a late arrival on September 22 because of a post surgery follow-up appointment.

15. On Tuesday, September 16, 2014, Tensley attempted to call Eads by telephone to inform him of an impending absence on September 19, 2014, because of her daughter's surgery,

and a late arrival on September 22 because of a post surgery follow-up appointment. However, Eads was either unavailable or failed to accept the call.

16. On Tuesday, September 16, 2014, Tensley informed Eads by e-mail of her impending absence on September 19, 2014, because of her daughter's surgery, and a late arrival on September 22 because of a post surgery follow-up appointment.

17. On Friday, September 19, 2014, Tensley called Eads by telephone to confirm her absence due to her daughter's surgery, but Eads was either unavailable or failed to accept the call.

18. On Monday, September 22, 2014, Tensley texted Eads' cell phone to remind him of the post surgery follow-up appointment for her daughter and that Tensley would arrive to work later than her usual start time.

19. On Monday, September 22, 2014, Tensley reported to work late, in accordance with information previously provided to Eads, and worked a full day.

20. Prior to the reported absence on September 19, 2014, Tensley had a perfect attendance record.

21. On Tuesday, September 23, 2014, Eads informed Tensley that he was terminating her employment because she had not spoken to him personally prior to her absence on Friday as required by company policy.

22. In the first three months of Eads' employment, he either terminated or forced the resignation of three out of the only four African American managers employed at the facility.

23. With the termination of Tensley, Eads had either terminated or forced the resignation of all four African American managers employed at the facility within nine months of the commencement of his employment.

24. Defendant's actions were in violation of Title VII because they were motivated by the racial animus of Eads, the decision-maker with regards to Tensley's termination.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in race discrimination against employees and engaging in any other employment practice which discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Tensley by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Tensley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Tensley by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including

emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay to Tensley punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper.

    H.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 30th day of September, 2015.
`

    Respectfully submitted,

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    ROBERT K. DAWKINS
    Regional Attorney
    Georgia Bar No. 076206
    robert.dawkins@eeoc.gov

    OTTRELL EDWARDS
    Supervisory Trial Attorney
    Georgia Bar No. 141979
    ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:     (404) 562-6818
Facsimile:     (404) 562-6905

**s/ Rachael S. Steenbergh**
RACHAEL S. STEENBERGH (Fed. Bar # 10867)
Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6472
Facsimile: 704.954.6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**